IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SKEEN FARMS, INC.,                          08-CV-533-SU

        Plaintiff,
                                            OPINION AND ORDER
v.

NYSSA CO-OP SUPPLY,

        Defendant.


**H. CLIFFORD LOONEY**
Butler & Looney, P.C.
292 Main Street, S.
P.O. Box 430
Vale, OR 97918
(541)473-3111

**NENA COOK**
Sussman Shank, LLP
1000 SW Broadway
Suite 1400
Portland, OR 97205
(503) 227-1111

        Attorneys for Plaintiff


1 - OPINION AND ORDER

**HANS ANDREW MITCHELL**
Quane Smith, LLP
16th Floor, US Bank Plaza
101 So. Capitol Boulevard
P.O. Box 519
Boise, ID 83702
(208) 345-8600

        Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on Defendant Nyssa Co-Op
Supply's Motion (#15) for Reconsideration of, and to Set Aside,
Order of Dismissal.  For the reasons that follow, the Court
**GRANTS** Defendant's Motion (#15) for Reconsideration, and after
reconsideration **sets aside** the Court's July 22, 2008, Order of
Dismissal.  The Court now **construes** Plaintiff's Notice of
Dismissal as a motion pursuant to Federal Rule of Civil Procedure
41(a)(2) and **construes** Defendant's briefing on its Motion for
Reconsideration as setting forth its opposition to an
unconditional dismissal.  The Court will set oral argument in due
course to resolve whether conditions should be imposed before
dismissing Plaintiff's action again.


                         **BACKGROUND**

     On March 28, 2008, Plaintiff filed an action in Malheur
County Circuit Court against Defendant alleging claims for breach
of implied warranty of merchantability, breach of implied

2 - OPINION AND ORDER

warranty of fitness for a particular purpose, breach of contract, breach of express warranty, and negligence.

On May 2, 2008, Defendant removed the matter to this Court on the ground that Plaintiff's warranty claims "turn on the construction of several federal laws including . . . FIFRA[, and, therefore,] this Court has original jurisdiction . . . pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) and (b)."

On May 14, 2008, Defendant filed an Answer that did not include any counterclaims.  On May 27, 2008, Plaintiff filed a Motion to Remand Case to State Court in which it moved to remand this matter on the ground that the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C §136, *et seq.*, does not apply to this action.

On July 17, 2008, Magistrate Judge Patricia Sullivan heard argument on Plaintiff's Motion to Remand and directed the parties to file supplemental briefing.

On July 21, 2008, Plaintiff filed a Notice of Dismissal in which it requested the Court to dismiss this action without prejudice, costs, or attorneys' fees pursuant to Federal Rule of Civil Procedure 41(a)(2).  On July 22, 2008, the Court entered an Order dismissing this matter without prejudice, costs, or attorneys' fees pursuant to Rule 41(a)(2).

On July 30, 2008, Defendant filed a Motion for Reconsideration in which it seeks an Order setting aside the

3 - OPINION AND ORDER

Court's Order of Dismissal or in the alternative amending the
Order of Dismissal to require Plaintiff to pay Defendant's
attorneys' fees and costs pursuant to Federal Rule of Civil
Procedure 59(e).

## **DISCUSSION**

"'Under Rule 59(e), a motion for reconsideration should not
be granted, absent highly unusual circumstances, unless the
district court is presented with newly discovered evidence,
committed clear error, or if there is an intervening change in
the controlling law.'" *Metoyer v. Chassman*, No. 04-56179, 2007
WL 2819300, at *2 (9th Cir. 2007)(quoting *389 Orange Street
Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Defendant asserts a plaintiff may only obtain a dismissal
under Rule 41(a)(2) after the plaintiff files a motion to
dismiss.  Here Plaintiff did not file any such motion.  Defendant
also asserts Plaintiff's request should not have been granted
because dismissal of this action caused Defendant to lose the
federal forum and the corresponding discovery allowed in federal
court.

Federal Rule of Civil Procedure 41(a)(2) provides in
pertinent part:

> [A]n action may be dismissed at the plaintiff's
> request only by court order, on terms that the
> court considers proper.  If a defendant has
> pleaded a counterclaim before being served with

4 - OPINION AND ORDER

the plaintiff's motion to dismiss, the action may
be dismissed over the defendant's objection only
if the counterclaim can remain pending for
independent adjudication.

Plaintiff contends the plain language of Rule 41(a)(2)
requires a plaintiff to file a motion to dismiss only if the
defendant has pled a counterclaim.  Here Defendant did not do so.
In any event, the use of the word "request" in the first sentence
of Rule 41(a)(2) according to Plaintiff means a "motion" to
dismiss is not required.

Defendant, however, notes Federal Rule of Civil Procedure
7(b)(1) provides:  "A request for a court order must be made by
motion."  According to Defendant, therefore, the "request" in the
first sentence of Rule 41(a)(2) must be made by motion which,
pursuant to Rule 7(b)(1)(B), must "state with particularity the
grounds for seeking the order."

After considering the parties' arguments and Rules 59(e),
41(a)(2), and 7(b)(1), the Court concludes even though the first
sentence of Rule 41(a)(2) does not specifically require a
plaintiff who requests an order of dismissal to file a motion to
dismiss, Rule 7(b)(1) clearly requires a party's request for a
court order to be made by motion.  Accordingly, Plaintiff was
required to make its request that the Court dismiss this action
by motion.  In addition, even if the Court construes Plaintiff's
Notice of Dismissal as a motion to dismiss; the Court notes it
erroneously dismissed the action without giving Defendant an

5 - OPINION AND ORDER

opportunity to file a response to the motion setting forth the conditions it argues should be imposed before granting any dismissal.

Accordingly, the Court grants Defendant's Motion for Reconsideration and sets aside the dismissal of this action.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#15) for Reconsideration and, after reconsideration, **sets aside** the Court's July 22, 2008, Order of Dismissal.  The Court now **construes** Plaintiff's Notice of Dismissal as a motion pursuant to Federal Rule of Civil Procedure 41(a)(2) and **construes** Defendant's briefing on its Motion for Reconsideration as setting forth its opposition to an unconditional dismissal.  The Court will set oral argument in due course to resolve whether conditions should be imposed before dismissing Plaintiff action again.

IT IS SO ORDERED.

DATED this 8th day of October, 2008.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

6 – OPINION AND ORDER