IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SKEEN FARMS, INC.,                          08-CV-533-SU

       Plaintiff,

                                     OPINION AND ORDER

v.

NYSSA CO-OP SUPPLY,

       Defendant.


**H. CLIFFORD LOONEY**
Butler & Looney, P.C.
292 Main Street, S.
P.O. Box 430
Vale, OR 97918
(541) 473-3111

**NENA COOK**
Sussman Shank, LLP
1000 S.W. Broadway
Suite 1400
Portland, OR 97205
(503) 227-1111

       Attorneys for Plaintiff

**HANS ANDREW MITCHELL**
Quane Smith, LLP
16th Floor, U.S. Bank Plaza
101 South Capitol Boulevard
P.O. Box 519
Boise, ID 83702
(208) 345-8600

      Attorneys for Defendant

**BROWN, Judge.**

      This matter comes before the Court on the issue of Plaintiff's Notice of Voluntary Dismissal (#13) pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* Opin. and Order (issued October 8, 2008). Defendant objects to dismissal of this matter without a provision for attorneys' fees.

## BACKGROUND

      On March 28, 2008, Plaintiff Skeen Farms, Inc., filed an action in Malheur County Circuit Court against Defendant Nyssa Co-Op Supply alleging claims for breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of contract, breach of express warranty, and negligence.

      On May 2, 2008, Defendant removed the matter to this Court on the ground that Plaintiff's breach of warranty claims "turn on the construction of several federal laws including . . . FIFRA[, and, therefore,] this Court has original jurisdiction . . . pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a)

2 - OPINION AND ORDER

and (b)."

On May 27, 2008, Plaintiff moved to remand this matter to state court on the ground that the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136, *et seq.*, does not apply to this action.  On July 17, 2008, Magistrate Judge Patricia Sullivan heard argument on Plaintiff's Motion to Remand and directed the parties to file supplemental briefing.

On July 21, 2008, before either party had filed their supplemental briefing, Plaintiff filed a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) in which it requested the Court to dismiss this action without prejudice, costs, or attorneys' fees.  On July 22, 2008, the Court entered an Order dismissing this matter without prejudice, costs, or attorneys' fees pursuant to Rule 41(a)(2).  On July 30, 2008, Defendant filed a Motion for Reconsideration in which it sought an order setting aside the Court's Order of Dismissal or, in the alternative, amending the Order of Dismissal to require Plaintiff to pay Defendant's attorneys' fees and costs incurred in defending against Plaintiff's Motions to Dismiss and to Remand.

On October 8, 2008, the Court granted Defendant's Motion for Reconsideration and set aside the Order of Dismissal.  On November 13, 2008, the Court held a hearing as to the issue of dismissal to ascertain the conditions that Defendant seeks and to determine whether they are appropriate under Rule 41(a)(2).  At

the hearing, Plaintiff informed the Court that if this matter was dismissed in federal court, Plaintiff intended to refile the action in state court without Plaintiff's claim for breach of the implied warranty of merchantability, which is the claim that Defendant contended triggered federal subject-matter jurisdiction when Defendant removed the matter from state court.

## STANDARDS

Rule 41(a)(2) allows a plaintiff to dismiss an action without prejudice at any time pursuant to an order of the court and subject to any terms and conditions the court deems proper. *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996)(citing Fed. R. Civ. P. 41(a)(2) and *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).

"When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal [and] a motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion. . . . [T]he court's order will not be disturbed unless the court has abused its discretion." *Id*. (quotation omitted). "The district court[, however,] abuses its discretion when 'it bases its decision on an erroneous view of the law or a clearly erroneous assessment of

4 - OPINION AND ORDER

the facts.'"  *Id*. (quoting *United States v. Rahm*, 993 F.2d 1405, 1410 (9th Cir. 1993)).


## DISCUSSION

**I.   The Court approves Plaintiff's voluntary dismissal with prejudice of Plaintiff's First Claim and without prejudice as to Plaintiff's other claims.**

Defendant asserts this matter should not have been dismissed pursuant to Rule 41(a)(2) because Defendant is prejudiced in that dismissal will cause Defendant to lose the federal forum and the right to discovery allowed in federal proceedings when Plaintiff refiles this action in state court.  Specifically, Defendant contends:

> [T]he discovery available under the federal rules of civil procedure applies to both state and federal claims.  It allows for interrogatories as well as the discovery of experts.  Both forms of discovery encourage and allow for the full and complete development of both Plaintiff's prosecution as well as Defendant's defense.  Both forms of discovery are unavailable under state rules thereby inhibiting and thwarting the full and fair presentation of the case for both sides.

Def.'s Mem. in Support of Mot. for Recons. at 5.

In *Smith v. Lenches*, the plaintiffs filed an action in California state court in December 1997 in which they alleged defendant EFI had violated California Corporations Code §§ 25400 and 25500 by engaging in a scheme to manipulate the market price for EFI stock.  263 F.3d 972, 974 (9th Cir. 2001).  Two weeks

later, the plaintiffs filed a class action in federal court
alleging similar claims based on the same facts, but asserting
violations of federal securities laws. *Id*. On July 2, 1999,
defendant EFI filed an amended answer in the federal action,
asserted a counterclaim in which it noted the parallel state-
court action, and sought a declaration that "the facts as alleged
in the complaint are not sufficient to plead violations of
California Corporations Code Sections 25400 and 25500." *Id*. at
974-75.  On July 20, 1999, the plaintiffs filed a motion to
voluntarily dismiss the federal action pursuant to Rule 41(a)(2).
EFI objected to the dismissal on the grounds that

> it would suffer legal prejudice because [the
> plaintiffs] brought this action under § 10(b) and
> § 20 which are subject to the federal Private
> Securities Litigation Reform Act ("PSLRA"), which
> affords defendants certain procedural protections.
> EFI argued that it would lose the protections of
> the PSLRA if the court granted [the plaintiff's]
> motion.

*Id*. at 975.  The district court rejected EFI's argument and
granted the plaintiffs' motion to dismiss under Rule 41(a)(2)
because the court determined EFI would not suffer legal
prejudice. *Id*.  In particular, the district court granted the
plaintiffs' motion to dismiss their federal securities claims
with prejudice. *Id*. at 975.  EFI sought sanctions under 15
U.S.C. § 78u-4(c)(1), Federal Rule of Civil Procedure 11(b), and
Northern District of California Local Rule 58-1 for "fees and
costs for services performed solely as a result of the federal

6 - OPINION AND ORDER

suit." *Id*.  The district court denied EFI's request for

sanctions, and EFI appealed the dismissal of claims and denial of

sanctions.  *Id*.

The Ninth Circuit affirmed the decision of the district

court and noted:

> We have previously held that "legal prejudice"
> means "prejudice to some legal interest, some
> legal claim, some legal argument." *Westlands,* 100
> F.3d at 97.  In so holding, we also explained that
> "[u]ncertainty because a dispute remains
> unresolved" or because "the threat of future
> litigation . . . causes uncertainty" does not
> result in plain legal prejudice.  *Id*. at 96-97.
> Also, plain legal prejudice does not result merely
> because the defendant will be inconvenienced by
> having to defend in another forum or where a
> plaintiff would gain a tactical advantage by that
> dismissal.  *Hamilton*, 679 F.2d at 145.
>
> Here, the district court reasoned that while a
> change from federal to state court might create a
> tactical disadvantage to EFI, that was not legal
> prejudice.  The district court noted that the
> prospect of litigating the first lawsuit in state
> court "does not amount to plain legal prejudice"
> and stressed that EFI could not argue high
> litigation costs because discovery had not begun,
> it had not commenced trial preparations, and no
> motions challenging the merits of this case had
> come before the court.
>
> We find no fault with the district court's
> reasoning. . . .  In any event, the need to defend
> against state law claims in state court is not
> "plain legal prejudice" arising from voluntary
> dismissal of the federal claims in the district
> court.

*Id*. at 976.  The Ninth Circuit further noted

> EFI's asserted loss of certain procedural
> protections under the PSLRA on federal claims that
> were dismissed with prejudice is not sufficient to

constitute plain legal prejudice to EFI in defense
of state law claims.  The PSLRA affects the
procedural aspects, but not the substantive
elements of a securities fraud action.  *In re
Silicon Graphics Inc.*, 183 F.3d 970, 977 (9th Cir.
1999).  The dismissal of the federal claims meant
[the plaintiff also] lost federal procedural
protections relating to those claims.  Because
those claims were dismissed and are not
continuing, the loss of procedural protections
relating to them is not legal prejudice.

*Id.*

Here to the extent dismissal causes Defendant to lose the
broader procedural protections under the Federal Rules of Civil
Procedure, it has the same effect on Plaintiff.  In addition, the
Court concludes even if Defendant were at a tactical disadvantage
due to the change from federal to state court, litigation under
the Oregon Rules of Civil Procedure is not so unfair or unequal
as to create sufficient prejudice to Defendant.

Finally, Defendant conceded at oral argument that the only
possible basis for federal court jurisdiction in this matter was
preemption of Plaintiff's First Claim for breach of the implied
warranty of merchantability.  At the hearing, however, Plaintiff
stated a willingness to modify its dismissal of its First Claim
to dismiss that claim with prejudice.  Assuming Plaintiff
confirms that purpose, there would not be any basis to conclude
that Defendant would suffer manifest injustice if this action
proceeded in state court without Plaintiff's First Claim.

Accordingly, the Court concludes on this record that

Defendant has not established it would be prejudiced within the meaning of Rule 41(a)(2).

## II.  The Court denies Defendant's request for attorneys' fees.

Defendant also asserts it should be awarded attorneys' fees incurred in defending against Plaintiff's Motions to Dismiss and to Remand because these fees "will [not] be of use in any future litigation."

In *Stevedoring Services*, the Ninth Circuit held "the district court did not automatically abuse its discretion by refusing to require [the plaintiff] to pay [the defendant's] costs and attorney fees as a condition precedent to an order granting voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2)."  889 F.2d at 921.  The Ninth Circuit reasoned:

> Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal.  Moreover, several courts have specifically held that such payment is not required.  In *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46 (1st Cir. 1981), as in the present case, the defendants-appellants argued that the district court abused its discretion by granting the plaintiff's motion for voluntary dismissal without prejudice while refusing to impose the defendants' costs and attorney fees on the plaintiff.  The court stated, "We do not read Rule 41(a)(2) as always requiring the imposition of costs as a condition to a voluntary dismissal, although it is usually considered necessary for the protection of the defendant."  *Id.* at 51.

*Id.*  The Ninth Circuit also found the district court did not

9 - OPINION AND ORDER

abuse its discretion because the district court noted the plaintiff's good faith in bringing the action and the plaintiff's "realistic chance of prevailing" on its claims. *Id*. at 922.

On this record, the Court concludes neither party in this action took an unfounded position. Both parties had the right to seek a particular forum, and Plaintiff sought to moot the issue of a federal forum early in the case to avoid additional litigation costs. There is not any evidence of bad faith on the part of Plaintiff nor evidence that Plaintiff does not have a realistic chance of success on its remaining claims. In addition, the Court notes Defendant would receive the benefit of dismissal with prejudice of Plaintiff's First Claim.

Accordingly, in the exercise of its discretion, the Court declines to award Defendant costs or attorneys' fees incurred in defending Plaintiff's Motions to Dismiss and to Remand.

**III. Plaintiff's choice to accept conditions.**

In *Lau v. Glendora Unified School District*, the Ninth Circuit held "[u]nder the rule [41(a)(2)], a plaintiff has the choice between accepting the conditions and obtaining dismissal [or], if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." 792 F.2d 929, 931 (9th Cir. 1986).

Although Plaintiff stated at the November 13, 2008, hearing that it would be willing to dismiss its First Claim with

10 - OPINION AND ORDER

prejudice and to dismiss its remaining claims without prejudice, that proposal was not a part of Plaintiff's original Notice of Voluntary Dismissal. Accordingly, the Court directs Plaintiff to confirm in writing its willingness to modify its original Notice of Voluntary Dismissal (#13) to effect a dismissal with prejudice of Plaintiff's First Claim.

## CONCLUSION

For these reasons, the Court **DIRECTS** Plaintiff to inform the Court in writing no later than January 26, 2009, whether it is willing to modify its original Notice of Voluntary Dismissal (#13) to dismiss its First Claim with prejudice. If Plaintiff does so, the Court will enter a Judgment of Dismissal consistent with this Opinion and Order. If Plaintiff declines to accept the dismissal, Magistrate Judge Sullivan will schedule further proceedings in this matter.

IT IS SO ORDERED.

DATED this 13th day of January, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER